UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MIHRAN STEPANYAN, et al.,<br>Defendants. | Case No. CR 15-0234 CRB (JSC)<br><br>**ORDER DENYING MOTION FOR GRAND JURY DISCOVERY**<br><br>(Dkt. No. 631) |

Defendant Mihran Stepanyan, joined by 16 other defendants, moves for disclosure of grand jury materials. As Defendant's motion is based on his own subjective opinion as to the government's ability to prove the RICO conspiracy count, rather than evidence suggesting any government misconduct before the grand jury, he has not made the "particularized need" showing required to pierce the secrecy of the grand jury proceedings. Accordingly, Defendant's motion is DENIED.

**DISCUSSION**

The Federal Rules of Criminal Procedure provide that grand jury transcripts may be disclosed "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Fed. R. Crim Proc. 6(e)(3)(E)(ii). A defendant seeking disclosure of the grand jury transcripts must demonstrate a "particularized need" for production. *Dennis v. United States*, 384 U.S. 855, 870 (1966). Before the trial court may order disclosure of the grand jury transcripts it must find "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995) (internal quotation marks and citation omitted).

United States District Court
Northern District of California

Defendant moves for grand jury discovery on the theory that the government will not be able to obtain a conviction on the RICO conspiracy count. Therefore, Defendant reasons, the government must have committed some misconduct before the grand jury in obtaining the indictment, probably in how the government instructed the grand jury on the elements of the crime. Accordingly, Defendant seeks disclosure of portions of the grand jury testimony, exhibits and instructions regarding proof of the (1) "enterprise," (2) "pattern of racketeering," and (3) "through" elements. Once he obtains those materials, he will move to dismiss the RICO charge based on the government misconduct before the grand jury that he speculates must have occurred.

Defendant has not shown a "particularized need" for disclosure of grand jury transcripts reflecting instructions and proof on the RICO elements. His motion is based on the assumption that the RICO conspiracy claim is meritless. The problem is that he offers no evidence to support that assumption other than his own argument. Indeed, he previously moved to dismiss the RICO conspiracy charge. (Dkt. No. 376.) The district court summarily denied the motion at hearing on May 4, 2016. (Dkt. No. 582.) Thus, even though the district court held that the indictment adequately alleged a RICO conspiracy, Defendant asks the Court to assume that the RICO conspiracy charge *will* fail. And, since it will fail, Defendant next asks the Court to assume that its inevitable failing means that the government must have committed misconduct in instructing the grand jury. And since the government must have committed misconduct, Defendant is entitled to disclosure of the documents that will reveal that misconduct and allow him to move to dismiss the RICO conspiracy count.

Defendant's speculation does not amount to a particularized need. *See United States v. Morales*, 2007 WL 628678 *4 (E.D. Cal. Feb. 28, 2007) (holding that the defendant's own evaluation of the evidence which in turn led him to conclude that the grand jury must have been erroneously instructed was insufficient to show a "particularized need" for grand jury transcripts). To accept Defendant's argument would mean that any time a defendant claims that the government will not be able to obtain a conviction on a charge, the defendant is entitled to grand jury transcripts to determine if the government committed misconduct to obtain the indictment. The secrecy of the grand jury cannot be so easily overcome. *See Pittsburgh Plate Glass Co. v.*

*United States*, 360 U.S. 395, 399-400 (1959) (explaining the reasons for the "long-established policy" of grand jury secrecy and thus why the burden is on the defense to show a "particularized need" for disclosure "which outweighs the policy of secrecy").

In his reply, Defendant argues that the grand jury testimony will demonstrate whether the government has shown a RICO enterprise encompassing all of the individual conspiracies charged in the indictment; if not, then the RICO conspiracy claim will have to be dismissed. Again, this argument is based on Defendant's subjective belief. But even if Defendant is correct, the Supreme Court has held that a defendant may not move to dismiss an indictment on the grounds that the grand jury transcript does not reflect sufficient evidence. *Costello v. United States*, 350 U.S. 359, 363-364 (1956); *see also United States v. Calandra*, 414 U.S. 338, 345 (1974) ("an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."). Accordingly, "only in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased grand jury." *United States v. Kennedy,* 564 F.2d 1329, 1338 (9th Cir. 1977). Again, Defendant has pointed to nothing that suggests flagrant misconduct, let alone knowing perjury; instead, he offers only his own subjective analysis that the government will be unable to meet its burden of proof. Such speculation does not rise to a "particularized need."

At oral argument Defendant offered yet another rationale. He contends that he needs the grand jury transcripts so that he has some evidence to put before the district court to justify asking for an evidentiary hearing to determine before trial whether the government can meet its burden of proof on the RICO count. A fundamental problem with this argument, however, is that it is untethered from Rule 6(e)(3)(E)(ii) which provides for disclosure "upon a showing that grounds may exist for a motion to dismiss the indictment *because of matters occurring before the grand jury*." (Emphasis added). Defendant's argument has nothing to do with a motion to dismiss arising from the grand jury proceedings. Thus, this argument, too, is unpersuasive.

Defendant's insistence that at a minimum under *United States v. Alter*, 482 F.2d 1016 (9th Cir. 1973), no "particularized need" is required for disclosure of the government's instructions to

3

the grand jury is wrong. *Alter* merely held the defendant was entitled to know the contents of the *court's* charges to the grand jury because "[t]he proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not." *Id.* at 1029 n.21 (citing U. S. Judicial Conference Committee on the Operation of the Jury System, Handbook for Federal Grand Jurors 10 (1971)). It is thus unsurprising that in the more than 45 years since *Alter* was decided not a single court has read *Alter* as does Defendant. To the contrary, courts have uniformly rejected the argument that the government's instructions or remarks to the grand jury are not entitled to secrecy. *See, e.g, United States v. Barry,* 71 F.3d 1269, 1274 (7th Cir. 1995); *United States v. Morales*, 2007 WL 628678 *4 (E.D. Cal. Feb. 28, 2007).

**CONCLUSION**

For the reasons explained above, Defendant's motion for grand jury discovery (Dkt. No. 631) is DENIED.

**IT IS SO ORDERED.**

Dated: August 18, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge